Our first case of the morning consolidated cases one one eight nine six three and nine six four people of the state of Illinois versus Wales Salem Are you ready to proceed? Ready Good morning, may it please the court counsel. I am Jay Wigman an assistant appellate defender with the office of the state appellate defender counsel for defendant appellant Wales Salem Who was deprived the fundamental right to have the merits of his appeal heard because the majority of the appellate court erroneously concluded that it lacked jurisdiction or trial counsel Who at a minimum was acting with the tacit approval of the trial court failed to file a post-trial motion within 30 days of the jury's verdicts in contravention of section 116 dash 1 of the code of criminal procedure The defendant submits that the appellate court erred for the simple reason that compliance with section 116 dash 1 of the code of criminal procedure is not a jurisdictional prerequisite to appeal Rather jurisdiction in this case as in all cases is Can is covered by this court's rule 606 with which the defendant complied The defendant therefore requests that this court reinstate his two appeals before the appellate court Particularly given that in one of the cases the dissenting justice found that there were two issues that merited reversal Because the substance of the cases were not reached by the appellate court and because the facts were never discussed the procedural facts Related strictly post trial in this case are extremely free following Jury verdicts in each of these cases the court's scheduled a sentencing hearing for more than 30 days after the jury issued its verdicts at this stage It's customary for counsel to file a post trial motion for two reasons one more practical than the other The most practical reason is that if the motion for new trial is granted There's no need to proceed to a sentencing here The second and more important reason in which really guides the framework of this case Is that the case law is very clear that in the absence of a motion for new trial the defendant risks the very Substantial risk of having his issues deemed forfeited both in the trial court and in the appellate court and for that reason section 116 dash 1 Requires the filing of a post trial motion within 30 days to provide an orderly limit But this court has never found that a failure to comply with that specific rule It constitutes forfeiture of jurisdiction rather its forfeiture of the issues Jurisdiction has never before been tied to rule 116 dash 1 the most immediate examples are Where a defendant fails to file a motion in writing but instead does so orally and I believe it was Enoch in which this court found that there was still Jurisdiction of the case and that the trial court had the right to either deem those issues Forfeited or as in this case find that those issues were reachable There are also instances No, I think the plain language of 606 B was complied with and and let's look first at the exact phraseology of the rule And and then turn to marker in which this court I think clarified what judgment means and and what the motion needs to be timely filed against 606 B says except as provided in rule 604 D The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appeal from or if a motion directed against the judgment is timely filed within 30 days after the entry of the order disposing of the motion This court in marker Looked specifically at the first part of that sentence as compared to the second part of that sentence The first part refers to a final judgment where confusion is created is in the second part of that sentence It refers strictly to judgment now Justice Freeman pointed out in dissent in marker that It says the judgment which in in his analysis Suggested strongly that it means the final judgment for both Interlocutory appeals and for final judgments in a criminal case marker, of course concerned an interlocutory appeal but what this court held was that Judgment can refer either to an interlocutory appeal when that's an issue or to the final judgment in this case Filing his motion within 30 days after the sentencing which constitutes the final judgment of the trial court Defendant in that way complied with the letter of 606 B Moreover I would note that 606 a says that the only jurisdictional prerequisite to an appeal is the timely filing of the notice of appeal within 30 days of the issuance of the final judgment or If a motion is directed against the judgment within 30 days of the disposition of that motion in this case The defendant filed his motion For new trial within 30 days of the sentencing and in that fashion filed a motion directed against the judgment now counsel to be clear Revestment is not you're not arguing revestment. No revestment. Is it that was argued previously? Before Bailey right before Bailey it was suggested because Following Kading I believe that court and counsel in in the lower courts Tended to use revestment as a shorthand not so much for revestment Because jurisdiction was never lost. So it's not a matter of revesting the court with jurisdiction Revestment particularly in Hubbard, which was a case cited in the opening brief discussing jurisdiction talked about instances where as here there was a waiver by the trial court of any forfeiture claims and That's what revestment really kind of came to mean and this court in Bailey clarified the rules for revestment and when that matters but the key thing about Bailey as it applies to this case is that the The motion in Bailey came three years after sentence was imposed There was no discussion in Bailey about timeliness and there was no mention of rule or I'm sorry section 116 dash one of the code of civil or criminal procedure There was no concern about timeliness in Bailey and and in that way revestment really is not an issue in this case It's a phrase that was used regrettably, but the principle that it had come to somewhat Symbolize was that when the trial court as here? Decides to not raise the jurisdictional bar of forfeiture Then the court has in that way and I'll just say the term even though it's not accurate Revest the court with the right to hear that issue There was no objection by I by the state in this case and the court clearly indicated When it was scheduling motions that it anticipated that a motion for new trial was going to be filed After sentencing had already occurred in this way the court retained its own jurisdiction of the case Which wasn't lost until more than 30 days after the disposition of the motion that was filed against the judgment? So it is your position that as long as it's any motion is filed with while While there's still jurisdiction in the trial court. It's sufficient. That's correct that that constitutes a motion against the judgment And in that way preserves the time period the cases that the state has cited that find otherwise I would note all generally pertain to either Interlocutory appeals or to criminal appeals and in an interlocutory appeal of necessity the court is going to have jurisdiction So to say that the motions have been found to be untimely and therefore do not preserve Jurisdiction despite the court having jurisdiction don't apply to the instant case Because this because the trial court still had jurisdiction To review any of the motions or determinations that it had made the the jurisdiction was never lost for terms of appeal and and one of the Logical difficulties with finding otherwise would suggest First of all that the trial court still obviously had jurisdiction for sentencing But to suggest that it no longer had jurisdiction over anything else of the case Contradicts the general position of this court that in all Instances what we would prefer is for the trial court to be able to remedy any errors that occur to fix mistakes to review the case If if 116-1 is read as stripping the court of that power 30 days after the verdict Then we defeat the purpose of the rules that are intended to allow the court to manage its own case While still providing finality and clearly in Bailey finality wasn't a question because again that occurred more than three years after In this instance the defendants still could have filed a motion to reconsider the sentence and the state wouldn't have been able to Complain that it had delayed things too long this delayed things no further than a motion to reconsider the sentence would have and it's in part for that reason that we believe that there are some Illogical or some logical inconsistencies that occur if 116-1 is allowed to be the termination of The court's ability to review motions for new trial. Mr. Wigman if we disagree with your plain language analysis of 606 B Are you asking this court to because of some of the extenuating circumstance in this case issue a supervisory order? We are and and we requested that in the brief This court has exercised that before in situations particularly in this case the defendant had no control over the motion that was being filed and and yet has lost what appears at least in one instance to be a meritorious appeal that would have received reversal from the dissenting justice in this case who went ahead to reach that issue and In those instances we believe that an exercise of the supervisory powers of this court is appropriate but we also believe that the the view of the plain language Controls as as was found in marker and would suggest that this pertains to The the final judgment being the sentence and therefore the matter was timely We also think that that view best supports the findings of this court in cases such as Bailey such as Patrick in which it was found that a motion claiming ineffective assistance of counsel could be filed more than 30 days past the verdict and part of what that decision reflected is that the this court has never found that jurisdiction was lost or Was at issue even though issues raised by the defendant at trial may have been forfeited and Allowing the two to run on separate tracks. I think best effectuates the goals of both rule allow You did not argue rule 606 C below nor do you attempt to proceed under it now? Why should we afford you that relief? in that provision now Below and in the petition for leave to appeal we asked that this court reversed the appellate courts finding that it lacked jurisdiction and And part of the reason that 606 C is being argued now is that it demonstrates Contrary to what the appellate court found even if jurisdiction is found to be lost It can still be restored by this court's rules and 606 C Working in conjunction with 606 B and 606 a reflects this court's Standard policy of doing what can be done to preserve the defendants right to appeal if an appeal can be filed up To six months late after the court has lost jurisdiction We believe that that suggests that jurisdiction should be found where it still existed in the trial court And so in that fashion 606 C works with 606 I Had this motion for a new trial been filed prior to sentencing obviously that would not be a motion directed against the final judgment Is that it would be with it? So does the language in the rule mean anything If this had happened in the normal course of events you have a motion for a new trial filed within 30 days presumably Disposed of before sentencing and then you have sentencing which is a final judgment You could have as you acknowledge the motion to reconsider sentence and that would extend the time What is the meaning of the language then? Against the final judgment this was this emotion against the final judgment or simply a motion for a new trial Well, the judgment isn't final until the sentence is imposed. So to that extent it's a motion against the final judgment As as indicated the the language is Again, referring to a judgment in the second part as opposed to the final judgment but it's it's our position that any motion filed within 30 days of the Sentencing hearing constitutes a motion directed against the judge. So we just ignore the statutory admonishment No 116-1 no, and and there's there is consequence if 116-1 is disregarded and that is that the defendant risks and it's a very substantial risk that he won't be able to raise those issues Either before the trial court or before the appellate court So it's not as if 116-1 doesn't have any teeth in its enforcement it's a very real risk to the defendant and it should be that controls the pace of the trial proceedings and allows the trial court to enforce that rule and Disregard any arguments that are made if they're not made in a timely fashion, but it also allows the trial court to reconsider rulings that have been made so in that way 116-1 helps preserve the trial court's ability to make its decisions and reconsider its decisions while still allowing appellate court jurisdiction and And one example as well and one of the oddities about the appellate court's decision if extended logically is that the defendant could have filed no motion whatsoever and Jurisdiction for the appellate court still would not have been questioned because there are numerous instances where the appellate court reaches decisions because of plain error The issue wasn't preserved and yet the appellate court still considers that issue on appeal There are instances where there's a claim of ineffective assistance of counsel and that again can be considered on appeal Even if it wasn't raised and it typically isn't at the trial court level Where reasonable doubt is raised that does not need to be preserved by this court's cases as As an issue in the post trial motion and can be considered on appeal So we face the unusual Prospect that a defendant could file no motion at all and still have jurisdiction for his appeal But here the court is holding that because it was late with the trial courts blessing then the defendant lacks jurisdiction for an appeal and so if the court finds that the Defendant did not properly preserve according to this court's interpretation of 606 B Then in those circumstances we would ask for the assistance of the supervisor Thank you You May it please the court Counsel, I'm assistant attorney general Michael Sabula on behalf of the people of the state of Illinois Your honors. This is not a case about Section 116 dash 1 or the ability of a trial court to consider a motion This is a case about appellate court jurisdiction in the plain meaning of Supreme Court rule 606 B Without a timely filed notice of appeal the appellate court lacks jurisdiction to hear a case And under the plain language of rule 606 B a notice of appeal is timely filed only in two circumstances first if it is filed within 30 days of entry of the final judgment or Second if it's filed within 30 days of the resolution of a timely filed motion the appellate court correctly found defendant failed to meet both of those requirements as Everyone agrees defendant did not file his notice of appeal within 30 days of judgment. So he did not meet the first required Therefore the question is what the motions for new trial that he filed in both cases automatically by themselves extended the notice of appeal deadline and Again, the appellate court correctly found that they did not 606 B says that the motion must be timely filed in order to extend the notice of appeal deadline as a matter of statute as well as present from this court and the appellate court a Motion for a new trial is not timely unless it's filed within 30 days of the verdict Here in the open titles case the motion was filed 116 days after the verdict And it was 54 days after the verdict and the stolen motor vehicle case So the appellate court correctly found that those motions run timely and under the plain language of rule 606 B They do not extend the notice of appeal deadline Defendants theory that any motion Even untimely motions extend the notice of appeal deadline as long as they are filed while the trial court has jurisdiction renders that language meaningless timely filed motion The plain and ordinary meaning of a timely filed motion is a motion that's filed within the time prescribed by law to do so I think we've shown that In the cases we cite in our brief that that's the definition used by this court and the appellate court in jurisdictional cases Defendant has not cited even a single case holding that an untimely motion automatically extended The time to file a notice of appeal now he does cite a number of waiver cases cases that hold that the failure to File a Post-trial motion or to include a particular issue in the post-trial motion waives that issue, but those cases do not discuss jurisdiction at all It's likely in those cases that the losing party perfected his appeal in any number of ways For example filing his notice of appeal within 30 days of judgment as we discussed in our brief There's about six different ways you can perfect your appeal. So his waiver cases did not carry the water that he believes they do You Defendant argued that filing a motion for a new trial is not a prerequisite for Perfecting an appeal That's true We've never argued it and the appellate court never held that the appellate court held that he failed to meet the two requirements of rule 606 B and therefore it lacked jurisdiction A Defendant also said he's relying on people V marker people V marker is directly contrary to his theory This court said in marker it emphasized that both for interlocutory appeals and for appeals of final judgment only timely filed motions Extend the notice of appeal deadline Your honor if I can briefly turn to defendants remaining arguments his new equitable arguments Yeah, you want to address the contention that a motion filed within 30 days of sentencing If he had filed a motion to reconsider the sentence within 30 days of the sentence That would be a timely filed motion that would have extended the notice of appeal deadline. He did not do that here He clearly filed motions for new trial under section 116 dash 1 He was required if you wish to file file those file them within 30 days of verdict So I agree it would be a different case if he had filed a timely motion to reconsider the sentence But that's not what happened in this case According to your theory there has to be a motion for neutral Within 30 days of the verdict here the trial judge set sentencing more than 30 days But now there'd be a sentencing hearing and then there could be a Second motion to attack the sentence that is that your theory there would have to be two different motions in this case To extend the time for filing the notice of appeal If you wish to extend it under rule 606 be your honor you would have to file at least one Timely motion either a motion for a new trial or a timely motion to reconsider the sentence You would have had at least one of those. I think that is what you would be required to do by the rule And here defendant did not do either one of those and again Obviously, there are other ways he could have perfected his appeal even if he hadn't filed any motion at all He could have simply filed his notice of appeal Within 30 days of the final judgment or as I believe was alluded to earlier He could have followed and complied with rule 606 C and filed a motion asking for permission to file a late notice of appeal Mr. Counsel You argue that the trial court didn't mislead The defendant and only discussed the admonition in admonition regarding a motion challenging his sentence But clearly there there is evidence in the record that the motion for a new trial was discussed and Commented upon by the trial court subsequent to sentencing. How can this how can we cannot consider this as misleading? How can we not consider this as a mistake by the tree how can we not say it was misleading Oh The trial court did briefly discuss a motion for a new trial at the February 27th sentencing. I think it's important to In answering your question take a step back and remember this is a consolidated case So there's no allegation that in one of the cases any misleading statements were made The allegation is that a misleading statement was made in the open titles case at the February 27th sentencing there's a couple problems I believe with that argument your honor First is I think has been alluded to before that's been waived. It was not raised earlier as to the facts your honor As I said the misleading statements allegedly occurred at the February 27th sentencing However, as I think we all agree the motion for a new trial was due on January 2nd So as a matter of pure logic Nothing that could have been said at the February 7th 27th sentencing hearing could have misled it into missing the January 2nd deadline In addition, I don't believe that anything misleading was said about the motion The trial court never said that if you file a motion for a new trial now It necessarily will be timely let alone that it would extend the notice of appeal deadline. Those simply are not issues that were discussed Defense counsel mentioned following a couple different motions one of which was a motion for a new trial the court said He actually asked that he wanted a public defender appointed to file the motion for a new trial The court said no whatever motions you want to file you need to get them on file So I don't think it's fair to say that certainly he was affirmatively misled and I would note that I believe defendant has Is now arguing simply that the trial court acquiesced to this procedure I still think that's incorrect because it assumes that the moment defense counsel raised the possibility of Filing a motion for a new trial the court should have immediately told him that's untimely you're prohibited from doing so well, first of all Given the possibility of the revestment doctrine. I don't know that there's any case in which a trial court really could make such a statement Second I think as this court is held in cases we cite in our briefs It's not the trial court's duty to tell defense counsel what the deadline is. That's something we expect of defense counsel Monitor to the case to calculate deadlines to make sure timely motions and notices of appeal are filed So so for that reason, I don't think that you know the allegation that something misleading was said I think it fails for all those multiple reasons I would also add on that point as well as the other equitable arguments He makes that the appellate court should have excused his failure to comply with the rules This court has made very clear the appellate court does not have the authority to do this court has made clear that the appellate court should follow the rules as they are written and if the Failure to follow the rules needs to be excused either due to ineffective assistance of counsel Or even where the lower court made a misleading statement. That's something this court should do It's not something we want the appellate courts to do and on that point Your response to the informal motion for a supervisory order Your honor I don't think this is the rare case in which it would be appropriate for this court to exercise the supervisory authority I think as this court has said in a number of cases if this court does not enforce the Supreme Court rules Parties will not follow them. This is a defendant who was represented by counsel every single step of the way He had a lawyer at trial post trial and on appeal He has never Raised a formal ineffective assistance of counsel claim To the extent he wants to raise one now, I think it would be waived We also don't concede that he could prove it here I think if this court were to exercise its supervisory authority in this case with a counseled defendant who Missed a deadline, but who can still perfect his appeal in other ways. I'm not sure what cases this court shouldn't exercise the supervisory authority He says he had no control over the motion, but he had an attorney and so I think He may say that this is a harsh result But I think as we've shown in our brief this court has said if we're going to have an efficient judicial system There have to be consequences failure to follow Unless there any questions, thank the court for its time and ask the court to affirm the appellate courts judgment. Thank you. Thank you Thank you, I will try to make my comments brief But I do appreciate the opportunity to address this issue because I think that it's one that happens with some frequency At the trial court level there are any of a number of reasons that the 30-day Deadline doesn't necessarily get complied with in every case in some instances It may be because there is a misunderstanding as to the import of the rule It may be that there are times when as the dissenting justice in this case suggested court and counsel may have had a different way of dealing with these cases and Particularly given that the second trial started the day that the sentence was issued in the first case It's clear that this was kind of an ongoing pattern and to the extent that nothing was said during the second case about the scheduling of post-trial motions What you have to keep in mind is that at that stage the defendant had seen the first trial and the pattern that was developed Where the motions were heard after the sentencing hearing and there was never any indication that there was something wrong about that procedure The defendant had already been accustomed at that point then during the second trial to follow that as the procedure. I Agree with the state that Absolutely, this court must enforce the Supreme Court rules But section 116-1 is not a Supreme Court rule It is a rule of administrative convenience for the courts below in the trial court It is something that helps the court manage its docket but the court should have at the trial level the absolute discretion to change its calendar to adjust if there were an illness for the attorney on the 29th day if something happened with the computer on the 28th day and the motion were sent out in a timely fashion if it were a Holiday schedule and the court said let's set this out for a longer time period The court should have the ability to do that and the court did that here and did it in a way that did not jeopardize The finality of the case or extended in an overly long fashion again Counsel stated in an argument here a moment ago that had the defendant filed a motion to reconsider Sentence then there wouldn't have been an issue here and the defendant could have gone on and appealed the case and there would be And it's not a delay given the way that this court has structured the filing of the motions in the order that they should occur So the rule you want us to make clear in this case is that if you file something in the trial court before the while the trial court has jurisdiction It extends the time It extends the jurisdiction and so yes Extends the time for the notice of appeal but to address until that motions Right, right. Well in the 30 day period In the meantime, though That doesn't mean that this will excuses defense counsel from complying with the code the code of criminal procedure requires that a motion be filed within 30 days and there's a very real risk that then the Substantive issues that the defendant raises will not be considered by the trial court or will be found to be waived by the appellate court But that has nothing to do with jurisdiction But by having that same controlling factor the purposes of this court with rule 606 and the purpose of 116 dash 1 can both be met and work together to Preserve the trial court's right and ability to control its docket and to reconsider findings that it has made. I Would note finally that the state has noted that we've cited cases regarding waiver We've not cited cases regarding the laws of jurisdiction and this I think simply for the reason that this court has never addressed it Jurisdiction has never been questioned when there was the late filing of a post trial motion in fact to if the finding were that the notice of appeal had to be filed within 30 days of the verdict being considered the final judgment If if a post trial motion weren't filed that can't be done if if a notice of appeal were filed before the sentencing here It would be unavailing the court would strike it and this would proceed So it simply doesn't make sense to find that that 30-day period is completely the end of jurisdiction Particularly when after the trial court has lost jurisdiction for as much as seven months after the court has lost jurisdiction This court's rules still allow Jurisdiction to be found by the filing of a late notice of appeal and for those reasons therefore We would ask that this court reinstate the defendants appeals for the hearing Thank you cases number one one eight nine six three and nine six four People of the state of Illinois versus Wales Salem will be taken under advisement as agenda number four Mr.. Wigman and mr.. Sabula. Thank you very much for your arguments this morning. You're excused this time